# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

WILLIAM H. DAWES, JR.,

                Plaintiff,

vs.                                            Case No. 2:23-cv-02005-JWB

STATE OF KANSAS,

                Defendant.

---

### Defendant's Motion in Limine

Defendant State of Kansas moves the Court for orders prohibiting the Plaintiff, Plaintiff's counsel and witnesses from stating, mentioning or referring to any evidence identified below during the trial of this matter. Further, Defendant requests orders of the Court directing counsel to advise all witnesses he intends to call at the trial of this case of the Court's orders granting this motion in whole or in part and cautioning such witnesses that they should not state, mention or refer to any such evidence during their testimony in this case.

The purpose of a motion in limine is to aid the trial process by enabling the Court "to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *United States v. Cline,* 188 F.Supp.2d 1287, 1291 (D. Kan. 2002) (internal quotations omitted). "'A trial court has broad discretion to determine whether evidence is relevant' and to exclude irrelevant evidence." *Garcia-Martinez v. City & Cnty. of Denver*, 392 F.3d 1187, 1193 (10th Cir. 2004) (quoting *Hill v. Bache Halsey Stuart Shields, Inc.,* 790 F.2d 817, 825 (10th Cir. 1986)).

The Federal Rules of Evidence define "relevant evidence" as evidence having "any tendency to make a fact more or less probable than it would be without the evidence," and the fact is of consequence. Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Further, the Federal Rules of Evidence exclude any otherwise relevant evidence if, among other things, its "probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. Evidence is unfairly prejudicial for purposes of Rule 403 when it has an undue tendency to suggest a decision on an improper basis.

Defendant moves the court for orders prohibiting the mentioning, introduction or reference to evidence of the following:

**1.   Privileged communications.**

The intent or understanding of any parties' counsel, and the content of any attorney-client privileged or confidential communications, or lack thereof. FED. R. EVID. 501. Counsel shall refrain from asking questions that may tend to require an attorney or witness to divulge a client confidential or privileged communication, or which may tend to require an attorney or witness to have to object to answering on such grounds. FED. R. EVID. 403.

**2.   Questions about trial preparation.**

Questions about how counsel prepared witnesses who they represent for their trial testimony.

**3.   References to the filing of a motion in limine.**

Reference to the filing of any Motion in Limine by any party because such references are inherently prejudicial in that they suggest or infer that a party sought to prohibit proof or that the Court has excluded proof of matters damaging to a party's case. FED. R. EVID. 401-403.

**4.   Exclusion of evidence.**

Any reference in any manner by counsel or any witness that suggests, by argument or

otherwise, that a party sought to exclude from evidence or proof any matters bearing on the issues in this cause or the rights of the parties to this suit. FED. R. EVID. 401-403.

5. **Statement of any venire person.**

After the close of voir dire, reference to the statement of any venire person. FED. R. EVID. 401-403.

6. **Questioning attorneys.**

Any question by a witness, in front of the jury, directed to the adverse party's counsel. FED. R. EVID. 401-403.

7. **Probable testimony of unavailable witnesses who will not be called by deposition.**

That the probable testimony of a witness, who is absent, unavailable or not called to testify in the cause would be of a certain nature. FED. R. EVID. 401-403.

8. **Any reference to any exhibit not being offered by any party.**

Any reference to any exhibit not being offered by any party. FED. R. EVID. 401-403.

9. **Pretrial motions or matters.**

Any pretrial motions or matters, specifically including but not limited to summary judgment motions and the Court's rulings on such motions. FED. R. EVID. 401-403.

10. **Attorney's objections.**

In reading or playing videotaped depositions, any attorney's objections, comments, side bars, or responses to objections. FED. R. EVID. 401-403.

11. **Settlements and settlement discussions.**

Settlements entered into or discussed with any party, including a party to this lawsuit or to any other action and proceeding, as well as any and all statements made by any party in the settlement discussions during the course of those discussions. FED. R. EVID. 408.

**12.  Refusing to stipulate to any matter.**

Any reference to the fact that counsel for any party may have declined or refused to stipulate to any matter. FED. R. EVID. 401-403.

**13.  References to anyone sitting in the courtroom.**

Any reference to anyone sitting in this courtroom other than witnesses, counsel, the party's corporate representatives, or Court personnel. FED. R. EVID. 401-403.

**14.  Reference to other suits.**

Any reference, comment, or statement by counsel, or by any witness called to testify, regarding any other suit, litigation, arbitration, or other legal or administrative proceeding.

**15.  Alternative pleadings, theories, and requests for relief.**

Any reference, comment, or statement by counsel, or any witness called to testify, regarding the fact that one party or the other may have had alternative pleadings, other theories of liability, or other requests for relief in this lawsuit than those contained in the latest pleading.

**16.  Opinions not disclosed in expert report.**

Eliciting any expert is not contained in that expert's written report. Neither party designated an expert, so expert opinion ought not be offered or admitted.

**17.  Location or size of any law firm.**

Any suggestion as to where a particular lawyer or firm is from or how big it is.

**18.  Future medical expenses, future disability.**

Plaintiff has not designated any experts who would offer any opinions about future disability or future medical expenses, nor has plaintiff disclosed any such in discovery responses.

**20.  Previous litigation involving witnesses.**

Any reference to litigation involving Herman Jones, Jason DeVore, Eric Sauer, or Dan DiLoreto. FED. R. EVID. 401-403.

**Fisher, Patterson, Sayler & Smith, LLP**
3550 SW 5th Street | Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
dcooper@fpsslaw.com | cmoe@fpsslaw.com

**s/David R. Cooper**
David R. Cooper                                  #16690
Crystal B. Moe                                   #29168
**Attorneys for Defendant**

### Certificate of Service

I hereby certify that I caused the foregoing to be electronically filed on the 10th day of June, 2024 with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Randall W. Brown, KS #17905 | Stephen C. Thornberry, KS #17494
THORNBERRY BROWN, LLC
4550 Main Street, Suite 205
Kansas City, Missouri 64111
randy@thornberrybrown.com | steve@thornberrybrown.com
Tel: (816) 531-8383 | Fax: (816) 531-8385
ATTORNEYS FOR PLAINTIFF

**s/David R. Cooper**